**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 08-cv-00256-CMA

NATHAN DUNLAP,

      Applicant,

v.

ARI ZAVARAS, Executive Director, Colorado Department of Corrections,
JOHN W. SUTHERS, Attorney General, State of Colorado

      Respondents.

---

## ORDER REGARDING MOTION TO STRIKE AND MOTION FOR LEAVE

---

This matter is before the Court on Respondents' Motion to Strike (Doc. # 57) and Applicant's Motion for Leave.  (Doc. # 58.)  The Motion to Strike is DENIED and the Motion for Leave is DENIED AS MOOT.

On June 11, 2009, Applicant filed a nearly-200-page Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  (Doc. # 54.)  Respondents now move to strike the Amended Petition on the grounds that the "extreme length" of Applicant's Amended Petition imposes on the limited financial resources of the Court and Respondents, and causes unwarranted delay.

Applicant responds that the local rules of this District do not place a page limit on briefs, the Court has not entered an order limiting briefing in this case, the record in this

case is voluminous, and Applicant's counsel has distilled the massive state court record in as succinct a manner as possible.  Applicant further notes that his counsel notified Respondents of the anticipated length of the Amended Petition more than one year ago, but Respondents did not object to the expected length at that point.

The Court has considered both sides of the issue and will deny the Motion to Strike.  Respondents are correct that overly lengthy briefing causes undue strain on the parties and the Court.  However, Applicant is also correct that he has not violated any local rules or court orders by submitting his Amended Petition, and Respondents have not identified any particular portions of the Amended Petition that are frivolous or redundant.  Moreover, in the time Respondents spent researching and drafting the Motion to Strike, they likely could have read and digested over half of the Amended Petition.  Thus, the Motion to Strike appears to be nothing more than a tactical move by Respondents with little positive effect on case management.

In sum, this is a capital case that requires unprecedented diligence and attention to detail.  As such, the Court sees no reason to limit the length of Applicant's Amended Petition when Respondents cannot identify a specific objection to the Petition, aside from a generic claim that it is too long.

Accordingly, the Motion to Strike (Doc. # 57) is DENIED; and

The Motion for Leave (Doc. # 58) is DENIED AS MOOT.

DATED:  July   8  , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

3