IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **08-cv-0256**

**NATHAN DUNLAP**,
    Petitioner,
v.

**ARI ZAVARAS, Executive Director, Colorado Department of Corrections,**
    Respondent.

**ORDER**

**Kane, J.**

Petitioner Nathan Dunlap seeks a certificate of appealability for the following ten issues:

1. Whether he was denied his Sixth Amendment right to effective assistance of counsel by his trial counsel's alleged failure to conduct a thorough investigation into his mental health and to develop and present mental health mitigation evidence.

2. Whether he was denied his Sixth Amendment right to effective assistance of counsel by his trial counsel's alleged failure to present a coherent and consistent theory of defense at the guilt/innocence and penalty phases.

3. Whether he was denied his Sixth Amendment right to effective assistance of counsel when counsel allegedly effectively abandoned him during the penalty-phase closing argument.

4. Whether he was denied his Sixth Amendment right to counsel because his trial counsel had an alleged actual conflict of interest.

5. Whether his death sentence was imposed in violation of the Eighth Amendment, as a result of the prosecutor's statements which allegedly misled the jurors as to their individual responsibility for determining punishment.

6. Whether he was deprived of his Eighth Amendment right to be free from cruel and unusual punishment, because the jury was allegedly allowed to weigh, at the death-eligibility stage, extensive evidence aimed at rebutting the statutory

mitigating factor that he was not a continuing threat, although he did not affirmatively argue this mitigator existed.

7.Whether he was deprived of his Eighth Amendment right to be free from cruel and unusual punishment, because the jury was allegedly allowed to consider evidence in support of the prior felony conviction aggravator despite the illegality of his only prior felony conviction.

8.Whether he was deprived of his rights under the Sixth and Fourteenth Amendments as a result of the trial court's excusal for cause of a prospective juror who, though he had some opposition to the death penalty, allegedly stated he could follow the law and would not automaticallyimpose a life sentence.

9.Whether he was deprived of his Sixth Amendment right to effective assistance of counsel because trial counsel failed to exhaust their peremptory challenges, thereby foreclosing Mr. Dunlap's right to appeal the trial court's improper denial of his challenges for cause to two jurors whom defense counsel peremptorily excused.

10.Whether the cumulative impact of the alleged errors in this case renders his death sentence unconstitutional.

Each of these issues was raised in Petitioner's Amended Application for Writ of Habeas Corpus (Doc. 54) and denied in my Memorandum Opinion and Order issued August 24, 2010 (Doc. 81).

Pursuant to 28 U.S.C. § 2253(c), Petitioner may not appeal my denial of his habeas petition unless he secures a certificate of appealability ("COA"). Where, as here, Petitioner's detention arises out of a state court proceeding, a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, Petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In other words, a COA may issue where my resolution of Petitioner's claims is "debatable amongst jurists of reason." *Id.* at 336.

The death sentence is the ultimate punishment administered by our society. Petitioner is entitled to fair and thorough consideration of his claims and defenses at both the guilt/innocence and sentencing phases as well as in post-conviction proceedings. Consistent with the gravity of Petitioner's sentence, I thoroughly considered the arguments presented in his Amended Application for Writ of Habeas Corpus. After consideration of these claims, however, I dismissed his habeas claims, finding in part that:

> Dunlap was competently represented, fairly tried, and duly sentenced to death for having committed four vicious murders of three teenagers and a mother of two children for no intelligible reason at all. The processes of law have been exhausted, the defendant's guilt is uncontestable and the penalty, awesome and stark as it is, meets every requirement of the law.

*Dunlap v. Zavaras*, 1:08-cv-256-JLK at 56 (August 24, 2010). These findings notwithstanding, I have thoroughly reviewed Petitioner's arguments in consideration of his Application for Certificate of Appealability (Doc. 85). Upon consideration of these arguments, I find Petitioner fails to make a substantial showing of denial of a constitutional right, with one exception. Given the unsettled nature of the law relating to Petitioner's sixth claim, I find Petitioner has established that it presents an issue that is debatable among jurists of reason and I believe Petitioner is entitled to an appeal of my denial of this claim. Accordingly, Petitioner's Application for Certification of Appealability is GRANTED for his sixth claim for relief and DENIED for all other claims.

Dated: September 10, 2010

               **s/John L. Kane**
               SENIOR U.S. DISTRICT JUDGE